## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-131 (ECT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Demilo Demontez Martin (1), and Dierre Jameson Martin (2), | |
| Defendants. | |

This matter comes before the Court on Defendant Dierre Jameson Martin's Motion for Continuance of Motion Filing Date and Motions Hearing and Trial Date, ECF No. 59. Defendant Dierre Jameson Martin has also filed a Statement of Facts in Support of Exclusion of Time Under Speedy Trial Act, ECF No. 60. Defendant Dierre Jameson Martin requests additional time to file pretrial motions due to "technical difficulties with a key piece of audio/video discovery" that defense counsel has been working with the Government to resolve. ECF No. 60 at 1; *see* ECF No. 59 at 1. Defendant Dierre Jameson Martin requests that the motions filing date "be extended at least another 21 days to September 29, 2020." ECF No. 59 at 1. The Government has no objection to the requested continuance. ECF No. 59 at 1.

Further, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19

1

pandemic, addressing, among other things, criminal proceedings and trials.[1] General Order No. 18 was entered on August 27, 2020. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 18 (D. Minn. Aug. 27, 2020).

General Order No. 18 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. General Order No. 18 further provides that, if the defendant declines to consent to proceeding by videoconferencing or telephone conferencing, the matter can be continued until an in-person hearing can be held and time may be excluded under the Speedy Trial Act.

General Order No. 18, which is hereby incorporated by reference, was implemented based on: (1) the President declaring a national state of emergency in response to COVID-19; (2) the Governor of the State of Minnesota declaring a peacetime emergency to coordinate strategy to protect Minnesotans from COVID-19 and extending the COVID-19 peacetime emergency through September 11, 2020; (3) the Governor of the State of Minnesota issuing Emergency Executive Order 20-74, Continuing to Safely Reopen Minnesota's Economy and Ensure Safe Non-Work Activities during the COVID-19

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance. This Court is aware and takes note of General Order No. 19, which went into effect on September 26, 2020. This Order extends the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 19 (D. Minn. Sept. 25, 2020).

Peacetime Emergency, which continues to place several restrictions on Minnesota residents; (4) the COVID-19 restrictions imposed by local detention facilitates impacting the abilities of pretrial detainees to consult with legal counsel and appear in-person at a U.S. Courthouse; (5) the Bureau of Prisons' modified operations affecting inmate movement; and (6) the interests of the health of courtroom participants and court staff, the constitutional rights of criminal defendants, the ability to conduct certain criminal proceedings via videoconference or telephone conference under the CARES Act, and the public's interest in and the Court's duty to ensure the effective and expeditious administration of justice. *See also* Gen. Order No. 19. Specifically, General Order No. 18 states the following concerning the Speedy Trial Act:

> Where appropriate, the presiding judge may enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act. The presiding judge may extend deadlines and exclude time under the Speedy Trial Act in cases even when certain proceedings are held using videoconferencing or telephone conferencing to address delays attributable to COVID-19.

The Court inquired whether Defendants Demilo Demontez Martin and Dierre Jameson Martin consented to conducting the criminal motions hearing using videoconferencing. ECF Nos. 16, 24, 36. Defendants Demilo Demontez Martin and Dierre Jameson Martin have both indicated through their respective counsel that they decline to consent to videoconferencing for the criminal motions hearing. ECF Nos. 38, 61. Accordingly, consistent with the health and safety protocols of this Court and the facility in which Defendant Demilo Demontez Martin is detained, the in-person criminal motions hearing has now been scheduled for October 30, 2020.

Therefore, pursuant to 18 U.S.C. § 3161(h), the Court finds that the ends of justice served by granting such a continuance outweigh the best interests of the public and Defendants in a speedy trial and such continuance is necessary to provide Defendants and their counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources. Additionally, for the reasons addressed in General Order Nos. 18 and 19 and the well-documented concerns regarding COVID-19, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the continuance outweigh the best interests of the public and Defendants in a speedy trial. The Court further finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), a miscarriage of justice would result if time were not excluded under these unique circumstances.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Defendant Dierre Jameson Martin's Motion for Continuance of Motion Filing Date and Motions Hearing and Trial Date, ECF No. 59, is **GRANTED**.

2.      The period of time from **September 8 through October 30, 2020**, shall be excluded from Speedy Trial Act computations in this case. *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) ("Exclusions of time attributable to one defendant apply to all codefendants." (quotation omitted)); *United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006) (same).

3.      All motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **October 6, 2020**. D. Minn. LR 12.1(c)(1).

4.      All responses to motions must be filed by **October 20, 2020**.  D. Minn. LR

12.1(c)(2).

5.      Any Notice of Intent to Call Witnesses must be filed by **October 20, 2020**.

D. Minn. LR. 12.1(c)(3)(A).

6.      Any Responsive Notice of Intent to Call Witnesses must be filed by **October**

**23, 2020**.  D. Minn. LR 12.1(c)(3)(B).

7.      A motions hearing will be held pursuant to Federal Rules of Criminal

Procedure 12(c) where:

     a.      The Government makes timely disclosures and a Defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

     b.      Oral argument is requested by either party in its motion, objection or response pleadings.

8.      If required, the motions hearing must be heard before Magistrate Judge Tony

N. Leung on **October 30, 2020, at 10:00 a.m., in the Edward J. Devitt Courtroom at**

**the Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert**

**Street, ST. PAUL, Minnesota 55101**.  D. Minn. LR 12.1(d).

[Continued on next page.]

9.      **TRIAL: The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions.   Counsel must contact the Courtroom Deputy for United States District Judge Eric C. Tostrud to confirm the new trial date.**

Date: October___5___, 2020

*s/ Tony N. Leung*

Tony N. Leung
United States Magistrate Judge
District of Minnesota


*United States v. Martin et al.*
Case No. 20-cr-131 (ECT/TNL)
