**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Case No. 20-cr-131 (ECT/TNL) |
| Plaintiff, | |
| v. | **CASE MANAGEMENT** |
| | **ORDER** |
| Demilo Demontez Martin (1), and | |
| Corey Roscell Chester (3), | |
| Defendants. | |

This matter comes before the Court on letters from Defendants Demilo Demontez Martin, ECF No. 121; *see also* ECF No. 120, and Corey Roscell Chester, ECF Nos. 115, 116, as well as for scheduling purposes in light of General Order No. 26,[1] which continues all in-person hearings, unless the presiding judge determines that an in-person hearing is necessary, through May 2, 2021, and orders that no new criminal trial may commence before May 3, 2021.  *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 26 (D. Minn. Feb. 12, 2021).

### I. BACKGROUND

#### A.    Superseding Indictment & February Order

On January 26, 2021, a Superseding Indictment was handed down in this matter.  ECF No. 103.  Defendant Demilo Demontez Martin previously filed motions in connection with the prior Indictment.  ECF Nos. 39-57.

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

On February 2, 2021, the Court issued an Arraignment Notice and Scheduling Order ("February Order"), ECF No. 111, in connection with the Superseding Indictment. Among other things, the February Order included a schedule for filing and responding to pretrial motions and set Defendants Demilo Demontez Martin and Corey Roscell Chester's arraignment on the Superseding Indictment and their criminal motions hearing for March 16, 2021. ECF No. 111 at 3, 5. The February Order also asked each defendant to indicate his position with respect to the use of videoconferencing for these proceedings. ECF No. 111 at 2-3, 4.

**B.      General Order No. 26**

In the February Order, the Court noted that beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials. ECF No. 111 at 1-2. On February 12, 2021, Chief Judge Tunheim entered General Order No. 26, which—as stated above—continues all in-person hearings, unless the presiding judge determines that an in-person hearing is necessary, through May 2, 2021, and orders that no new criminal trial may commence before May 3, 2021.

General Order No. 26 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not

reasonably available.[2]  General Order No. 26 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address delays attributable to COVID-19.

General Order No. 26, which is hereby incorporated by reference, was implemented based on: (1) the President declaring a national state of emergency in response to COVID-19; (2) the Governor of the State of Minnesota declaring a peacetime emergency to coordinate strategy to protect Minnesotans from COVID-19 and the extension of that emergency declaration; (3) the Governor of the State of Minnesota issuing a series of emergency executive orders imposing certain restrictions on Minnesota residents to prevent and respond to COVID-19; (4) the COVID-19 restrictions imposed by local detention facilities that impact the abilities of pretrial detainees to consult with legal counsel and appear in-person at a U.S. Courthouse; (5) the Bureau of Prisons imposing modified operations; (6) the resumption of limited in-person criminal hearings in July 2020 and the resumption of limited jury trials in September 2020; (7) that effective November 30, 2020, the Court suspended all in-person jury trials that had not already commenced and suspended all in-person hearings, unless the presiding judge determined the in-person hearing was necessary, through January 31, 2021; (8) that Minnesota continues to be in an area of high

---

[2] *See also* General Order No. 19, which went into effect on September 26, 2020, and extended the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota," *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 19 (D. Minn. Sept. 25, 2020); General Order No. 24, which went into effect on December 25, 2020, vacated General Order No. 19, and extended the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created*

risk for further COVID-19 spread and there are concerns about the potential increased

transmissibility of emerging strains of the COVID-19 virus; and (9) the interests of the health

of courtroom participants and court staff, the constitutional rights of criminal defendants, the

ability to conduct certain criminal proceedings via videoconference or telephone conference

under the CARES Act, and the public's interest in and the Court's duty to ensure the

effective and expeditious administration of justice.  Specifically, General Order No. 26 states

the following concerning the Speedy Trial Act:

> If the proceeding must be continued, the Court finds that the
> time of the continuances implemented by this order will be
> excluded under the Speedy Trial Act, as the Court specifically
> finds that the ends of justice are served by ordering the
> continuances and outweigh the best interests of the public and of
> the criminal defendants under 18 U.S.C. § 3161(h)(7)(A).
> Absent further order of the Court or any individual judge, the
> period of exclusion shall be from March 17, 2020, or the date of
> the indictment, whichever is later, to the date that the criminal
> proceeding takes place. The Court may extend the period of
> exclusion as circumstances may warrant.

## C.    Defendant Corey Roscell Chester

On February 23, 2021, Defendant Corey Roscell Chester indicated through counsel

that he "would waive any pretrial motions and his appearance at the pretrial hearing set for

March 16."  ECF No. 115 at 1.  By separate letter the same day, Defendant Corey Roscell

Chester also indicated through counsel that he "consents to his arraignment being conducted

by videoconference."  ECF No. 116 at 1.

---

*by COVID-19*, Gen. Order No. 24 (D. Minn. Dec. 22, 2020).

**D.      Defendant Demilo Demontez Martin**

As stated in the February Order, the Court previously inquired whether Defendant

Demilo Demontez Martin consented to conducting the criminal motions hearing using

videoconferencing.  ECF No. 111 at 2; *see* ECF Nos. 24, 36.  Defendant Demilo Demontez

Martin indicated through counsel that he declined to consent to videoconferencing for the

criminal motions hearing.  ECF No. 111 at 2; *see* ECF No. 61.

On February 25, 2021, Defendant Demilo Demontez Martin indicated through

counsel that the motions previously filed would "apply to the Superseding Indictment."  ECF

No. 121 at 1.  Defendant Demilo Demontez Martin also indicated through counsel that he

"consent[s] to arraignment . . . by video conference."  ECF No. 121 at 1; *see also* ECF No.

120.

## II. ORDER

Based on the foregoing, for the reasons addressed in General Order No. 26 and the

well-documented concerns regarding COVID-19, and consistent with the health and safety

protocols of this Court and the facilities in which Defendants Demilo Demontez Martin and

Corey Roscell Chester are detained, **IT IS HEREBY ORDERED** that:

1. As Defendants Demilo Demontez Martin and Corey Roscell Chester have indicated through counsel that they consent to videoconferencing for arraignment, **the arraignment hearing on the Superseding Indictment** *shall remain scheduled* **for March 16, 2021, at 1:00 p.m., before the undersigned but will now take place via Zoom**.  Log-in information will be provided to counsel in advance of the hearing.

2. The in-person criminal motions hearing is continued and shall now take place before the undersigned on **May 21, 2021, at 9:00 a.m., in the Edward J. Devitt Courtroom at the Warren E. Burger Federal Building and U.S.**

**Courthouse, 316 North Robert Street, SAINT PAUL, Minnesota.**

3.  The Court specifically finds that the ends of justice served by ordering the continuance of the criminal motions hearing outweigh the best interests of the public and Defendants Demilo Demontez Martin and Corey Roscell Chester's right to a speedy trial under 18 U.S.C. § 3161(h)(7)(A). In addition, under 18 U.S.C. § 3161(h)(7)(B)(i), the Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances.

4.  Time under the Speedy Trial Act was previously excluded up through January 31, 2020.[3] *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) ("Exclusions of time attributable to one defendant apply to all codefendants." (quotation omitted)); *United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006) (same). Consistent with General Order No. 26, the time period between January 26—the date of the Superseding Indictment—through May 21, 2021, will be excluded under the Speedy Trial Act, absent further order of the Court.

5.  Pursuant to the letter from counsel, ECF No. 115, Defendant Corey Roscell Chester is excused from the May 21, 2021 criminal motions hearing.

6.  **The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Eric C. Tostrud to confirm the new trial date.**

Dated: March___1___, 2021                       ___*s/ Tony N. Leung*_____
                                                TONY N. LEUNG
                                                United States Magistrate Judge
                                                District of Minnesota

                                                *United States v. Martin et al.*
                                                Case No. 20-cr-131 (ECT/TNL)

---

[3] ECF Nos. 36 (excluding period from August 17 through October 9, 2020); 77 (excluding period from September 8 through October 30, 2020); 91 (excluding period from October 14 through December 11, 2020); 96 (excluding period from November 24, 2020 through January 31, 2020).